570

## No. 20,761.

ROBERT D. CLASSEN *v.* THE MOUNTAIN STATES TELEPHONE
AND TELEGRAPH COMPANY AND THE INDUSTRIAL
COMMISSION OF COLORADO.

(387 P. [2d] 264)

Decided December 2, 1963. Rehearing denied December 23, 1963.

Mr. HARRY M. WILLIAMS, for plaintiff in error.

Messrs. AKOLT, SHEPHERD & DICK, Mr. G. M. WESTA,
Mr. CARL F. EIBERGER, for defendant in error The Moun-
tain States Telephone and Telegraph Company.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for
defendant in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiff in error as the claimant and

to defendants in error as the employer and the commission respectively.

Claimant asserts a right to benefits under the Workmen's Compensation Act allegedly arising out of an incident which occurred on December 12, 1960, as a result of which he claims that he lost his voice. On the date mentioned, and for several years immediately prior thereto, claimant worked for the above named employer. He had theretofore been assigned to work on a project known as Interdepartmental Manual No. 104.

According to the claimant, on December 12, 1960, his supervisor removed him from this work project, to which he had been assigned for a substantial period of time, and gave the unfinished work to other employees. He claims that his loss of voice followed shortly after his removal from work on this project. He contends that the act of his supervisor in removing him from the project was an on-the-job accident within the meaning of the Colorado Workmen's Compensation law and entitles him to benefits provided thereunder. He also contends that his loss of voice was caused by a series of incidents which occurred during the course of his employment while under the supervision of one Mr. Fitting, which involved attempts by the latter to belittle and unjustifiably criticize claimant's work record. The emotional stress and strain of these incidents, according to the claimant, are the cause of his present disability, to-wit: the loss of his voice.

The commission denied his claim for compensation, which action was affirmed by the district court. The findings of the referee which were sustained by the commission contain the following:

"The record here discloses that the claimant became emotionally involved in what appears to be normal working conditions and such involvement resulted in emotional strain superimposed upon a pre-existing mental condition which finally resulted in the claimant's present disability of hysterical dysphonia."

We have read the entire record as made before the commission and find nothing therein requiring a reversal of the judgment of the district court upholding the action of the commission.

The judgment is affirmed.

MR. JUSTICE DAY not participating.